UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,

v.

D-5 MOHAMMED SADIQ,

                  Defendant.
_____/

Criminal No. 12-20272
Honorable Denise Page Hood

## **PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, a Third Superseding Indictment (Indictment) was issued on May 1, 2014 charging Defendant MOHAMMED SADIQ in Count One with Health Care Fraud Conspiracy in violation of 18 U.S.C. § 1349; in Count Two with Conspiracy to Pay and Receive Health Care Kickbacks in violation of 18 U.S.C. § 371; and in Counts Eight through Ten with Filing a False Tax Return in violation of 26 U.S.C. § 7206(1).

WHEREAS, the Indictment included a criminal forfeiture allegation providing notice that Defendant MOHAMMED SADIQ shall forfeit to the United States any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, pursuant to 18 U.S.C. §§ 982(a)(7), 982(a)(1), and 28 U.S.C. § 2461.

WHEREAS, Defendant MOHAMMED SADIQ entered into a Rule 11 Plea Agreement (Rule 11) in which he agreed to plead guilty to Counts One and Eight of the Indictment.

WHEREAS, as part of his Rule 11, Defendant MOHAMMED SADIQ agreed to forfeit to the United States his interest in all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to Defendant's conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 as charged in Counts One and Eight of the Indictment, including, but not limited to:

   a) One Hundred Thirty Nine Thousand One Hundred Eighty Two Dollars and Seventy Five Cents ($139,182.75) from Flagstar Account #570276063 in the name of Mohammed Sadiq, seized on or about May 2, 2012 pursuant to the execution of a federal seizure warrant;

   b) 2011 Acura MDX, VIN 2HNYD2H77BH502405 seized on or about May 22, 2012 pursuant to the execution of a federal seizure warrant at 22650 Ford Road, Dearborn Heights, Michigan;

   c) One Hundred Fifty Five Thousand One Hundred Ninety Two Dollars and Forty Two Cents ($155,192.42) in funds from Merrill Lynch Acct

#689-25478 in the name of Mohammed Sadiq at Merrill Lynch, Jacksonvill, FL;

d) Real property located at 6812 Pine Way Dr., Troy, Michigan being more fully described as: Lot 308, Crescent Ridge Subdivision No. 2, according to the Plat thereof, as recorded in Liber 194, Pages 31 to 40 inclusive, Oakland County Records.

Parcel I.D. No: 88-20-05-204-001

Titled to: Mohammed Sadiq

e) Real property located at 3828 Walnut Brook Dr., Rochester Hills, Michigan being more fully described as:

Unit 6 of WALNUT BROOK ESTATES (site) CONDOMINIUM, according to the Master Deed recorded in Liber 10163, Page 652 through 701; inclusive, as Amended, and the Re-Stated and Amended Master Deed recorded in Liber 12509, Pages 91 through 172, inclusive, and any Amendments thereto, Oakland County Records, and designated as Oakland County Condominium Subdivision Plan No. 515, together with and subject to rights in general common elements and limited common elements, as set forth in the above Master Deed, as Re-Stated and Amended and described in Act 59 of the Public Acts of 1978, as amended.

Parcel I.D. No: 70-15-32-376-090

Titled to: Mohammed Sadiq

(hereinafter, Subject Property).

WHEREAS, as part of his Rule 11, Defendant MOHAMMED SADIQ agreed to the entry of a forfeiture money judgment against him in favor of the

United States in the amount of $14,164,226.43, representing the total value of the property subject to forfeiture for defendant's violation of Counts One and Eight of the Indictment.

WHEREAS, Defendant MOHAMMED SADIQ agreed to consent to the entry of orders of forfeiture, and further waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

WHEREAS, in entering into his Rule 11 with respect to forfeiture, Defendant MOHAMMED SADIQ further agreed to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Rule 11 on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

WHEREAS, Fed. R. Crim. P. 32.2(b)(2)(A) and (B) provide that the court must enter a preliminary order of forfeiture directing the forfeiture of specific property that it finds is subject to forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications, before the order becomes final as to the defendant under Rule 32.2(b)(4), unless doing so is impractical.

WHEREAS, Defendant is schedule to be sentenced on July 23, 2015.

NOW THEREFORE, based upon Defendant MOHAMMED SADIQ's acknowledgment of criminal forfeiture proceedings against defendant property, Defendant's Rule 11 Plea Agreement and guilty plea, and the information in the record,

IT IS HEREBY ORDERED that the following Subject Property:

a) One Hundred Thirty Nine Thousand One Hundred Eighty Two Dollars and Seventy Five Cents ($139,182.75) from Flagstar Account #570276063 in the name of Mohammed Sadiq, seized on or about May 2, 2012 pursuant to the execution of a federal seizure warrant;

b) 2011 Acura MDX, VIN 2HNYD2H77BH502405 seized on or about May 22, 2012 pursuant to the execution of a federal seizure warrant at 22650 Ford Road, Dearborn Heights, Michigan;

c) One Hundred Fifty Five Thousand One Hundred Ninety Two Dollars and Forty Two Cents ($155,192.42) in funds from Merrill Lynch Acct #689-25478 in the name of Mohammed Sadiq at Merrill Lynch, Jacksonvill, FL;

d) Real property located at 6812 Pine Way Dr., Troy, Michigan being more fully described as: Lot 308, Crescent Ridge Subdivision No. 2, according to the Plat thereof, as recorded in Liber 194, Pages 31 to 40 inclusive, Oakland County Records.

Parcel I.D. No: 88-20-05-204-001

Titled to: Mohammed Sadiq

e) Real property located at 3828 Walnut Brook Dr., Rochester Hills, Michigan being more fully described as:

Unit 6 of WALNUT BROOK ESTATES (site) CONDOMINIUM, according to the Master Deed recorded in Liber 10163, Page 652 through 701; inclusive, as Amended, and the Re-Stated and Amended Master Deed recorded in Liber 12509, Pages 91 through 172, inclusive, and any Amendments thereto, Oakland County Records, and designated as Oakland County Condominium Subdivision Plan No. 515, together with and subject to rights in general common elements and limited common elements, as set forth in the above Master Deed, as Re-Stated and Amended and described in Act 59 of the Public Acts of 1978, as amended.

Parcel I.D. No: 70-15-32-376-090

Titled to: Mohammed Sadiq

IS HEREBY FORFEITED to the United States for disposition in accordance with the law; and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have or may have in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED. Defendant may remain in his residence until he reports to the facility designated by the Bureau of Prisons to serve the term of his incarceration.

IT IS FURTHER ORDERED THAT a money judgment in the amount of $14,164,226.43 is hereby entered against Defendant MOHAMMED SADIQ in

favor of the United States of America and that the value of the liquidated Subject Property shall be credited toward the money judgment;

IT IS FURTHER ORDERED the United States is hereby authorized, pursuant to Federal Rules of Criminal Procedure 32.2(c), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of the Subject Property, to seize any forfeitable assets identified herein which are not currently in the custody or control of the United States, and to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

IT IS FURTHER ORDERED that upon entry of this order, the United States shall publish on [www.forfeiture.gov](www.forfeiture.gov), notice of this preliminary forfeiture order and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must identify petitioner's

alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

IT IS FURTHER ORDERED that the United States shall file a petition for remission or restoration request with the Asset Forfeiture and Money Laundering Section ("AFMLS") requesting that AFMLS apply any funds forfeited to the United States in this case to the restitution ordered by the Court. It is within the sole discretion of AFMLS to grant or deny the request to apply the forfeited funds to the restitution ordered in this case, and this Order does not bind AFMLS to grant the petition for remission or restoration request that is filed. The petition for remission or restoration request will be filed only after any and all properly filed third party claims to the forfeitable property are adjudicated or otherwise resolved. The Government shall not seek to enforce its money judgment beyond the restitution amount, as determined by the Court.

The Court shall retain jurisdiction to enforce this Preliminary Order of

Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

Dated: July 30, 2015

**s/Denise Page Hood**
United States District Judge